UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BERT DINSIO, ) | Case No.  5:16CV388 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| v. ) | GEORGE J. LIMBERT |
| ) | |
| SEARS, ROEBUCK AND CO., ) | |
| ) | MEMORANDUM OPINION & ORDER |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant Sears, Roebuck and Company, originally named as Sears New Town Mall #2080's ("Defendant") motion to dismiss, or in the alternative, motion to strike the punitive damages request of Plaintiff Bert Dinsio ("Plaintiff").  ECF Dkt. #5. All parties consented to this case being transferred to the docket of the undersigned, and the case was transferred on March 16, 2016.  ECF Dkt. #9.

For the following reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's punitive damages request (ECF Dkt. #5), and DISMISS the punitive damages request from Plaintiff's complaint (ECF Dkt. #1-1 at 7).

### I.     FACTUAL AND PROCEDURAL HISTORY

In her complaint filed originally in the Tuscarawas Court of Common Pleas and removed to this Court on February 19, 2016, Plaintiff alleged that she bought a riding lawn mower from Defendant in 2014 and as part of that purchase, the mower was supposed to have chains and weights. ECF Dkt. #1-1 at 6.  Plaintiff alleged that the installation of said chains and weights was performed at Defendant's store by Defendant's employees.  *Id*.  Plaintiff averred that she did not interfere or otherwise bother the chains and weights after they were installed, but in May or June of 2014 when she was using the riding lawn mower to cut her lawn in a normal working manner, the mower malfunctioned and as a result, she was injured.  *Id*. at 6-7.

...

Plaintiff further alleged in her complaint that she subsequently complained to Defendant and Defendant sent investigators to inspect the riding lawn mower and the inspectors informed her that the chains and weights on the mower were not installed properly. ECF Dkt. #1-1 at 7. Plaintiff alleged that due to the injuries resulting from the malfunctioning of the mower, she has had to undergo series of surgeries to repair her arms and has not yet completed all of the surgeries. *Id*. Plaintiff averred that Defendant breached the duty that it owed to her to sell her a riding lawn mower that was functioning in a working manner and Defendant breached the duty that it owed to her of installing the chains and weights in a proper and safe working manner. *Id*. Plaintiff alleged that the breach caused the riding lawn mower to malfunction and as a direct and proximate result of the breach, she was damaged. *Id*.

In the prayer of her complaint, Plaintiff demanded judgment for compensatory damages, punitive damages, attorney fees, costs, and any other relief that the Court deemed necessary and proper. ECF Dkt. #1 at 7.

On February 22, 2016, Defendant answered the complaint and filed the instant motion to dismiss Plaintiff's punitive damages claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Dkt. #s 4, 5. Defendant's motion alternatively requests that the Court strike the punitive damages request. ECF Dkt. #5. On May 6, 2016, with leave of Court, Plaintiff filed a response to Defendant's motion. ECF Dkt. #17. On May 10, 2016, Defendant filed a reply brief. ECF Dkt. #18.

For the following reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's punitive damages request (ECF Dkt. #5) and DISMISSES this request from Plaintiff's complaint.

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action..." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

### **III.    ANALYSIS**

In its motion to dismiss the punitive damages request in Plaintiff's complaint, Defendant argues that the complaint is devoid of any factual allegations that would support a finding of punitive damages. ECF Dkt. #5 at 1-4. Plaintiff responds that the Court should not grant Defendant's motion to dismiss because she has set forth the necessary elements of a negligence claim and it is premature to dismiss the punitive damages request because it does not have to be specifically plead in the complaint. ECF Dkt. #17-1. Plaintiff cites to *Bishop v. Grdina*, 2 Ohio St.3d 26, 485 N.E.2d 704 (1985) as support for his punitive damages assertion. ECF Dkt. #17-1.

Contrary to Plaintiff's contention, the Court notes that Defendant has not requested that the Court dismiss Plaintiff's complaint in its entirety. Rather, Defendant has requested that the Court dismiss only Plaintiff's punitive damages request. ECF Dkt. #5. Defendant confirms as much in its reply brief. ECF Dkt. #18 at 1.

Thus, the only issue before the Court is whether Plaintiff's punitive damages request survives. The Court finds that it does not and therefore GRANTS Defendant's motion to dismiss Plaintiff's punitive damages request (ECF Dkt. #5).

"Courts have clearly held that a claim for punitive damages cannot survive if a plaintiff only requests such damages in a prayer for relief without supporting the pleading with factual content that, if proven, would warrant punitive damages." *Reber v. Lab. Corp. of America*, No. 2:14CV2694, 2015 WL 7076608, at *5 (S.D. Ohio, Nov. 13, 2015), citing *Flex Homes, Inc., v. Ritz-Craft Corp. of Michigan, Inc*., 721 F.Supp.2d 663, 675-676 (N.D. Ohio 2010). It is not enough to simply request punitive damages in the prayer for relief. *Windsor-Laurel Center Behavioral Medicine v. Waller Lansden Dortch & Davis*, 2015 WL 1859005, at * (N.D. Ohio, Apr. 22, 2015), unpublished, citing *Flex Homes, Inc*., 721 F.Supp.2d at 676 (citing *Lum v. Mercedes Benz USA, LLC*., No. 3:05CV7191, 2006 WL 1174228, at *2 (N.D. Ohio Apr. 18, 2006)).

Under Ohio law, courts can award punitive damages against defendants in tort actions only when "the actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." Ohio Rev. Code § 2315.21. Punitive damages can be awarded through a showing of clear and convincing evidence. *Id.* More than mere negligence is required. *Alleman v. YRC*, 787 F.Supp.2d 679, 684 (N.D. Ohio 2011). Thus, while punitive damages do not need to be specifically plead under Ohio law, a plaintiff must allege facts in the complaint sufficient to satisfy Ohio's requirements for punitive damages. *Id*.

The Court finds that Plaintiff's complaint in the instant case fails to sufficiently allege facts supporting a claim or request for punitive damages. The two-page, sixteen-sentence complaint alleges only facts concerning Defendant's sale of the riding lawn mower to Plaintiff, the installation of the chains and weights on the riding lawn mower, Plaintiff's use of the riding lawn mower, the malfunctioning of the riding lawn mower, Plaintiff sustaining injuries while using the riding lawn mower after it malfunctioned, the chains and weights not being installed properly, Defendant owing duties and breach of duties to Plaintiff to sell her a riding lawn mower that functioned properly and to install the chains and weights properly, and Plaintiff's damages as a direct and proximate result

of the breach of those duties.  ECF Dkt. #1-1 at 6-7.  There is no mention of any conduct or action by Defendant that would support a punitive damages request or claim or raise an inference of such in the instant complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's punitive damages request (ECF Dkt. #5), and DISMISSES the punitive damages request in the prayer for relief in Plaintiff's complaint (ECF Dkt. #1-1 at 7).

Date: August 9, 2016                              */s/ George J. Limbert*
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE